Sara EARNEST, Appellant,

v.

SCHOOL BOARD OF INDEPENDENT DISTRICT NO. 16 OF STILLWATER, OKLAHOMA, Appellee.

No. 53755.

Supreme Court of Oklahoma.

July 12, 1983.

Ronald E. Stakem, M. Elizabeth Scott, Fagin, Hewett, Mathews & Fagin, Oklahoma City, for appellant.

Winfrey D. Houston, Stillwater, for appellee.

WILSON, Justice:

Sara Earnest, a middle school counsellor and a certified employee of the appellee's school district, brought this action against the School Board of Stillwater to recover $44.00 which she claimed was wrongfully withheld from her salary.

Plaintiff originally filed her action in small claims court but defendant School Board made a timely motion to transfer the cause to the district court. The motion was granted and plaintiff subsequently amended her action to seek, in addition to the $44.00, a declaratory judgment that the official school policy to deduct pay during emergency leave was in conflict with 70 O.S.Supp.1977, § 6–105(A), and was therefore invalid and unenforceable.

The district court ruled adversely to plaintiff, sustaining defendant's demurrer and dismissing as to plaintiff's first cause of action to recover the $44.00, and sustaining defendant's motion for summary judgment and dismissing as to the second cause of action for declaratory judgment. Additionally, the trial court granted defendant judgment for attorney fees in the amount of $800.00 against plaintiff pursuant to 12 O.S. 1971, § 936, finding that since the cause of action was to recover for labor or services, attorney fees were therefore allowable to the prevailing party. For reasons unknown to this Court, the appellant abandoned the award of attorney fees as a ground of appeal, although the issue was originally preserved.

The dispute arose when plaintiff/appellant was absent with administrative approval for four days in 1977 for personal business. She received full pay for two of the days she was absent, but for the other two days $22.00 per day was deducted from her salary. Appellant asserts the deduction should not have been made because the defendant did not hire a substitute teacher to replace her during these absences.

The deductions were made pursuant to the emergency leave provisions of the employment contract between the parties which resulted from negotiations between the Board and the Association of Classroom Teachers. The provision of the written collective bargaining agreement dated August 19, 1977, provided as follows:

The Stillwater Board of Education will follow the leave policy revised July, 1977 in all instances when a teacher is absent and all leave days have been used. The former professional leave is now classified as an Administrative Assignment. The five (5) days emergency leave for clarification will be interpreted as two (2) days without salary deduction and three (3) days with salary deduction. Certified personnel will be deducted at the rate of substitute pay and support personnel at a percentage rate of 35% of their daily rate. *The option of whether to hire a substitute to perform services of absent employees shall be made by the administration.* (Emphasis ours)

The revised policies of appellee dated July 1, 1977, after defining and providing for sick leave, paragraph "A", death leave, paragraph "B", and jury service, paragraph "C", provide in pertinent part with respect to emergency leave provisions of paragraph "D":

In addition to leave provisions defined in (A), (B), and (C) above, certificated and support personnel as full-time employees are granted five (5) days emergency leave during each school year, of which two (2) are without any loss of salary and three (3) with deductions only of substitute pay. Said leave is defined as an employee's absence from assigned duty *due to any*

*and all reasons, other than* as defined in (A) sick leave, (B) death leave, and (C) jury service leave provisions. Unused emergency leave shall be transferred at the close of each school year to the employee's sick leave cumulative total. (Emphasis ours)

Pursuant to statute, 70 O.S.Supp.1977, § 6–104, school boards are authorized, although not required, to provide emergency leave of not more than five days. The decision whether to offer five days emergency leave is discretionary with the school district, and the absence of statutory provisions to the contrary, the conditions and terms of the emergency leave plan is subject to negotiation. Statutory limitations are imposed by Section 6–105(A) which limits the amount deductible from the employee's salary to the amount of substitute pay; and by Section 6–104(A) which provides that emergency leave shall not be chargeable to sick leave and will be noncumulative.[1]

Pay provisions for teachers taking emergency leave are set forth in Section 6–105(A) of the same title which provides:

If, because of sickness or *other reason,* a teacher is temporarily unable to perform his or her regular duties a substitute teacher for his or her position may be employed for the time of such absence. A substitute teacher shall be paid in an amount and under such terms as may be agreed upon in advance by the substitute teacher and the Board of Education or according to regulations of the Board. A teacher absent for reason of personal business shall have deducted from his salary by the School District *only* the amount necessary to pay the substitute. (Emphasis ours).

Reading the Act as a whole, it is beyond question that the "personal business" provision of Section 6–105(A) refers to the "emergency" leave permitted under Section 6–104(A).

1. The negotiated agreement, however, provides that unused emergency leave shall be transferred at the school year's end to the employee's sick leave cumulative total.

The trial court held that the question of whether a substitute was actually hired was immaterial; that $22.00 was the rate of pay for substitutes and that amount was deductible regardless of whether a substitute was employed. Appellant disagrees and contends that since no substitute was hired for her (as none was necessary) that there should have been no deduction for her third and fourth days' absence. She asserts that the deductions were in contravention of Section 6–105(A), which she argues should be construed to mean that a deduction can be made only if a substitute is hired. We observe that this construction would have the effect of allowing one employee for whom a substitute was not hired, to enjoy emergency leave with full pay, while another employee, hired under the same contract terms and for whom a substitute was hired, to have to take emergency leave with pay deductions. We do not believe that the Legislature intended such an uneven result.

We find instead that the plain and common sense reading of Section 6–105(A), is that the words "only the amount necessary to pay the substitute" limit the amount of pay to be deducted, rather than making the hiring of a substitute a condition for making a deduction. When the language of a statute is plain and unambiguous, no room for construction exists. *Oldham v. Drummond Bd. of Ed. of Ind. Sch. Dist. # 1–85,* 542 P.2d 1309 (Okl.1975).

We conclude that the negotiated contract provision allowing deductions from the employee's salary after the second day of emergency leave does not violate Section 6–105(A). The District Court's rulings in favor of the defendant-appellee are hereby affirmed.

BARNES, C.J., and HODGES, LAVENDER, HARGRAVE and OPALA, JJ., concur.

SIMMS, V.C.J., and IRWIN, J., dissent.

The discrepancy was neither raised below nor urged on appeal.

**1290**

SIMMS, Vice Chief Justice, dissenting:

I must respectfully dissent. First, emergency leave is an absence specifically allowed and provided for by statute, just as sick leave and jury duty leave. Second, the statute clearly contemplates deducting from the salary of a teacher taking emergency leave, only that amount of money used to pay a substitute when a substitute is actually hired and paid. There is no authority in the statute for deducting a standard rate of pay, where that rate is not actually paid. I agree with the majority that where the language of a statute is plain and unambiguous, there is no room for construction to alter or amend its terms. *Oldham v. Drummond, Bd. of Educ., Okl., 542 P.2d 1309 (1975).*

I further note that other than a five day limit, the negotiated agreement has very little in common with the state law which governs it. There is no authority in the statute for granting two days absence with full pay whether or not a substitute is hired. The statute allows no such exemption. It clearly provides for salary deduction whenever it is necessary to hire a substitute, whether it is the first or fifth day of leave. The statute specifically disallows emergency leave being chargable to sick leave and provides that it is noncumulative. The negotiated agreement purports to provide to the contrary.

I respectfully submit this Court sets a very questionable precedent when it approves a contract between public bodies and public employees which is contrary to public policy as expressed by legislative enactments.